NOT FOR PUBLICATION [55]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN POTTER, and MARGUERITE POTTER,  :<br><br>Plaintiffs,  :<br><br>v.  :<br><br>JARED STOLZ, TARA RUGGIERO, JOHN METHFESSEL, JR., JOEL WERBEL, METHFESSEL & WERBEL, ALDO J. RUSSO, RUSSO & DELLA BADIA, LLC, GUARANTEED SUBPOENA SERVICE, INC., ELAINE MAGEE, JOHN DOE (unidentified process server), JANE DOE (unidentified process server), and THE PROFORMANCE INSURANCE COMPANY,  :<br><br>Defendants.  : | Civil No. 05-5539 (FLW)<br><br>OPINION |

**WOLFSON, United States District Judge**

Presently before the Court is a Motion by Plaintiffs, Kevin and Marguerite Potter, pursuant to Fed. R. Civ. P. 59(e), to vacate, alter or amend the Order of Dismissal granted by this Court on September 18, 2006. Specifically, Plaintiffs contend that this court made an error of law when it dismissed the matter with prejudice and that the Order should therefore be vacated.

The Court has considered the moving and opposition papers[1], and, for the reasons stated in the Opinion below, Plaintiff's Motion is denied.

**I. Background**

Because the facts of this case are well-known to the parties and the Court, a lengthy recitation is unnecessary and the following summary of the relevant underlying events will suffice. On or about March 18, 2004, Plaintiffs entered into a settlement with Proformance Insurance Company to settle two cases pending before this Court, Proformance Insurance Company v. Kevin Potter and Marguerite Potter, Civil No. 03-73 and Marguerite Potter v. Kevin Potter, Civil No. 03-987. On March 18, 2004, I entered two Orders of Dismissal pursuant to Fed. R. Civ. P. 60(b) retaining jurisdiction of the matters "to the extent necessary to enforce the terms and conditions of any settlement entered into between the parties." Civil No. 03-987, Docket No. 54.

Subsequently, on or about November 18, 2005, the Potters filed a new Complaint in this Court alleging that Proformance engaged in fraud when it filed its Rule 26 disclosure of counsel fees in the underlying matter. Among their numerous allegations, Plaintiffs contended that Proformance "advanc[ed] a fraudulent pleading in the U.S. District Court. . . [which] included several false sworn statements regarding service of their sham pleading, and fraudulently

---

[1]The Court notes that the instant Motion was filed on September 28, 2006 thereby triggering a return date of November 6, 2006. Opposition briefs were filed by the numerous defendants between October 19 and October 23, 2006 and Plaintiff's reply was due on October 30, 2006. However, Plaintiff filed no such reply. On November 6, 2006, Plaintiff filed a Motion for an Extension of Time to file a reply brief until November 15, 2006. As of, November, 21, 2006, no reply brief had been filed, thus this Court Ordered that Plaintiff's Rule 59(e) Motion would be considered as fully briefed.

overstating Proformance's liquidated damages by two hundred and eight thousand, five hundred and seventy eight dollars." Between April and June 2006, each set of Defendants, including Proformance, filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

On September 18, 2006, this Court heard argument on the various Motions to Dismiss, and, for the reasons set forth on the record that day, I granted all the motions and Dismissed Plaintiff's Complaint with Prejudice. Specifically, I found that this Court retained jurisdiction over the underlying settlement with Proformance pursuant to the savings clause of Fed. R. Civ. P. 60(b). Indeed, I noted that although Plaintiff did not meet the requisite one year time period for a 60(b) motion, the Court retained jurisdiction to hear Plaintiff's claim as an independent action for fraud upon the court pursuant to the afore-mentioned savings clause. However, in considering the merits of Plaintiff's Complaint, I found that as a substantive matter, Plaintiff did not satisfy the standards for the perpetuation of a fraud on the court as required for an independent 60(b) action and therefore, dismissed Plaintiff's Complaint. Indeed, I specifically noted that the granting of Proformance's Motion to Dismiss "would leave the Court with no jurisdiction over the claims against the remaining Defendants and further, that all claims against all remaining Defendants had been previously dismissed with prejudice by the state court." Thereafter, on September 28, 2006, Plaintiff filed the instant Motion pursuant to Rule 59(e).

**II. Standard**

Pursuant to Fed.R.Civ.P. 59(e), a plaintiff has a ten-day window following the entry of a judgment in which to seek leave to reopen the case. Rule 59(e) permits motions to amend or alter a judgment and may be granted in order for a party to submit new, previously undiscovered

evidence or to correct a clear error of law or prevent manifest injustice. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Generally, there are four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law. See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed.1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence), cert. denied, 476 U.S. 1171 (1986). "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Twp., 996 F.Supp. 409, 442 (D.N.J.1998). However, mere disagreement with the district court's decision is not an appropriate basis for reargument, and should be raised through the appellate process. See id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F.Supp. 834, 859 n.8 (D.N.J.1992), aff'd, 37 F.3d 1485 (3d Cir.1994). Indeed, a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)." Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir.1993).

**III. Discussion**

In the instant matter, Plaintiffs argue that this Court should vacate its September 18, 2006 Dismissal. The Court does not agree. Indeed, Plaintiffs do not argue that there has been a

change in controlling law since this Court's judgment; nor do Plaintiffs rely upon new evidence that was unavailable in September 2006. Instead, Plaintiffs' brief relies upon a substantial misunderstanding of the events that occurred at the September 18, 2006 hearing. For example, Plaintiffs' first two arguments in their Rule 59(e) motion are that this Court "erred in dismissing this case for failed jurisdiction." Pls' Br. at 5 & 9. However, Plaintiff is simply incorrect. As set forth at length at the hearing, I determined that this Court maintained jurisdiction over the action and I explicitly set forth the basis for jurisdiction on the record. Specifically, I explained the following:

> I didn't retain subject matter jurisdiction for this independent action. I have jurisdiction to hear it. But I only retained jurisdiction for a 60(b) motion. You are entitled to bring an independent action. That's what we are under today. Indeed, that independent action could have gone to anyone in this court. I agreed to have it assigned to me. This is not coming in as a 60(b) motion. And if you look at the order of dismissal, that is all that I retained jurisdiction for. This is coming in under the independent action . . .That's the only way you could because you are beyond the time period [of a year for a 60(b) motion].

Tr. Motion September 18, 2006, 22:10-24.

In addition, the Court engaged in the following colloquy with Kevin Potter at the hearing:

> MR. KEVIN POTTER: So you are indicating, for the record, that you didn't retain subject matter jurisdiction over the settlement agreement between the parties.
>
> THE COURT: The only party is Proformance. It was retained for purposes of a 60(b) motion which was never brought. . . And I do have jurisdiction to entertain an independent action, which I did, and I have denied your motion to reopen on that independent action. I've ruled on it today.
>
> MR. KEVIN POTTER: I just want the record to be clear that the plaintiffs viewed, when you entered your order of dismissal, that the federal court would retain subject matter jurisdiction, and that's how the state court has already ruled.

>THE COURT: But, Mr. Potter, it doesn't matter. I found that there was jurisdiction over your independent action over Proformance. I found there was jurisdiction, and I have now ruled on the substance of it and denied – I'm dismissing the claim. I'm not reopening the settlement. I've found you have not met the criteria for reopening.
>
>MR. KEVIN POTTER: So you are reaching the merits of the case.
>
>THE COURT: I have today. That was the motion that was made. . . And I'm granting that motion to dismiss because I find that this cannot be maintained as an independent action, that the only way you can – you've brought this as an independent action under 60(b) – is that you satisfy the criteria, fraud upon the court, which I find was not done, and I'm substantively reaching that question and dismissing it, which I may do on this motion.

Tr. 28:20-30:6.

Thus, as evidenced by the transcript, this Court clearly found that there was jurisdiction to hear the matter.

Further, to the extent that Plaintiffs contend that this Court erred by dismissing this case with prejudice when I did not rule on the merits, Plaintiffs again misunderstand my September 18th ruling. At the hearing, I specifically ruled on the merits of the Defendant's Motion to Dismiss and granted the Motion for substantive reasons. Indeed, at the hearing, I directed the parties to the following cases, United States v. Beggerly, 524 U.S. 38 and Herring v. United States, 424 F.3d 384 (3d Cir. 2005), which set forth the standards pursuant to which a court can retain jurisdiction over an independent action for fraud upon the court. In addition, I went through the various factors set forth in Herring to prove a fraud upon the court – (1) intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that the court was in fact deceived – and applied these factors to Plaintiff's Complaint. As a result, I found that Plaintiff had not set forth any evidence of a fraud upon the court relating to Proformance's Rule 26 disclosure and noted that the fees set forth by Proformance in their Rule 26 disclosure were

6

substantially the same as those set forth following settlement.  Further, I explained to the parties, "[t]he bottom line is the numbers have stayed the same. There is nothing different being suggested.. . .there was nothing you were not aware of at that time that would cause this court to set aside a settlement in this matter based upon fraud on the court more than a year after the entry of that."  Tr., 25:17- 28:4-7.  Thus, to the extent that Plaintiffs argue that this Court erred by finding that it was without jurisdiction to decide the merits of Plaintiffs' Complaint or that it erred by not reaching the merits, Plaintiff is, again, wrong.  This Court specifically found that it retained jurisdiction over Plaintiff's complaint as an independent action pursuant to 60(b) to "set aside a judgment for fraud upon the court. "  Moreover, I ruled on the merits of Plaintiffs' action pursuant to the standard set forth in Herring, 424. F.3d at 390 and found that not only did Plaintiffs not set forth any evidence of fraud, but that even if they had, this Court was not, in fact, deceived by any of Proformance's alleged fraudulent disclosures.

     In addition, to the extent that Plaintiffs argue that this Court should have retained jurisdiction over the remaining Defendants, the Court does not agree.  First, the Court notes that the remaining Defendants had all been dismissed with prejudice following a state court action filed by Plaintiffs regarding the same issues.  Potter v. Stolz, Sup. Ct. Law Div., Docket No. CUM – L-82-05 (November 28, 2005).  Specifically, Judge Michael Fisher ordered that Plaintiff's Complaint be dismissed with prejudice "based on the fact that there has been a settlement of the case Marguerite Potter vs. Kevin Potter in the Federal Court. This dismissal is with the caveat that if plaintiffs are successful in Federal Court in setting aside the settlement in the matter of Marguerite Potter vs. Kevin Potter, it does not preclude the plaintiffs from filing a new claim in this court."  Id.  However, as discussed above, at the September 18th hearing, I

found that Plaintiff had not satisfied the standard of setting forth a fraud on the court that was required to open the underlying settlement. In light of this finding, I found that there was no fraud regarding the underlying settlement and dismissed Plaintiff's Complaint. Simply put, I found that there was no reason to reopen the underlying settlement, thus the settlement between Plaintiffs and Proformance remained in effect. Further, to the extent that Plaintiff now claims there were independent federal questions regarding the remaining defendants, Plaintiffs have not set forth any facts regarding the factual or legal basis for these underlying federal claims. Moreover, even if this Court were to assume that Plaintiff had set forth some federal question regarding the remaining Defendants, Plaintiff has not alleged a case or controversy stemming from their actions; indeed, since this Court found that there was no reason to set aside the underlying settlement, Plaintiff cannot allege any harm or injury arising out of the remaining Defendants' actions. See, e.g., Russell v. DeJongh, 2007 WL 1746256 at * 2 fn.3 (3d Cir. June 19, 2007)("The District Court's exercise of [jurisdiction]. . is subject to the limitations of Article III of the Constitution, which apply generally to the jurisdiction of Article III District Courts. Article III, § 2 of the Constitution limits the jurisdiction of the federal courts to deciding "cases" or "controversies." See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102 (1998); Flast v. Cohen, 392 U.S. 83, 97 (1968). A necessary part of a "case" or "controversy" is that the plaintiff must allege that he or she has suffered an "injury in fact.").

      Finally, as discussed above, Plaintiff has not set forth any new evidence or change in law that would necessitate a reconsideration of my dismissal. Indeed, Plaintiffs' Motion pursuant to Rule 59(e) relies on a misunderstanding of the underlying events in this case. Thus, in the absence of anything further, and for all the reasons set forth above, Plaintiff has not set forth the

existence of any new law, fact or evidence that would cause the Court to set aside or amend the September 18, 2006 Order of Dismissal and Plaintiff's Motion is denied.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion pursuant to Fed. R.Civ. P 59(e) is denied. An appropriate order will follow.

Dated: June 21, 2007                  s/ Freda L. Wolfson
                                                 Honorable Freda L. Wolfson
                                                 United States District Judge